1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

BRANDON ALEXANDER
FERNANDEZ, et al.,

Case No.  1:21-cv-01748-JLT-BAM (PC)

12

Plaintiff,

SCREENING ORDER GRANTING
PLAINTIFF LEAVE TO FILE AMENDED
COMPLAINT

13

14

v.

(ECF No. 1)

MARTIN GAMBOA, *et al.,*

15

Defendants.

**THIRTY (30) DAY DEADLINE**

16

17

18

Plaintiff Brandon Alexander Fernandez ("Plaintiff") is a state prisoner proceeding *pro se*

19

and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's

20

complaint, filed on December 9, 2021, is before the Court for screening. (Doc. 1.)

21

**I.      Screening Requirement and Standard**

22

The Court is required to screen complaints brought by prisoners seeking relief against a

23

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

24

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

25

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

26

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

27

A complaint must contain "a short and plain statement of the claim showing that the

28

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

1    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

3    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

4    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

5    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

6           To survive screening, Plaintiff's claims must be facially plausible, which requires

7    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

8    for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

9    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

10   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

11   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

12          **II.      Plaintiff's Allegations**

13          Plaintiff is currently housed at California State Prison.  The events in the complaint are

14   alleged to have occurred while Plaintiff was housed in Avenal State Prison ("Avenal").  Plaintiff

15   names as defendants: (1) Martin Gamboa, Warden, (2) Kathleen Allison, Secretary of the

16   Department of Corrections and Rehabilitation, (3) Gavin Newsom, Governor, and (4) Does 1-

17   10,000.

18          Plaintiff alleges that Defendants subject Plaintiff and other inmates to cruel and unusual

19   punished by forcing Plaintiff into illegal housing configuration and unlawful conditions that

20   caused the spread of Covid 19 to 99% of inmates at Avenal. Long term damages have resulted to

21   inmates at Avenal and Avenal had time to protect inmates, but instead created a harmful living

22   environment that accelerated the spread of the disease.  Plaintiff, and others, filed a class action

23   602 appeal with over 300 signatures of participating inmates to ask for protection or for early

24   release because of overcrowding that was causing the problem.  Overcrowding was the reason the

25   disease was spreading, along with the housing configuration. The appeal was denied and

26   everything the inmates claimed would happen did happen.

27          Plaintiff brings this action on behalf of himself and over 300 class members.[1]  On April

28   _____

[1] In the complaint, Plaintiff refers to actions or conduct by "Plaintiff**s**" which appears to be

21, 2020, Plaintiff put in an emergency appeal for release and to reduce the population below 100% of capacity.  All actions and inactions by Defendant throughout the pandemic have been criminally negligent resulting in 8 deaths at Avenal and 80 death state wide. Every defendant had the legal authority to release and reduce inmates under emergency legal provisions, but failed to do so.  Instead they piece-mealed release of low risk offenders and delayed releases.  Each Defendant was fully aware of the devastation that would be caused by the virus and were warned by experts and lawsuits if they did not take preventative measures to release or reduce the population.  They said they were "doing everything" except thinning the population.

Plaintiff stated in the 602 that the inmates were forced to house in 8-man double bunks which increased the population density in dorms instead of decreasing the population.  The appeal response was delayed until June 3, 2020, and was partially granted, but stated that no departmental policy was violated.

In April, Avenal began mass testing inmates on Facility 5 due to outbreaks on other yards. Inmates in Facility 5 did not test positive, "which is why Plaintiffs became concerned of becoming infected due to the negligence taking place by CDCR's handling of the situation."

Within 3 weeks of filing the 602 appeal, Avenal went from zero cases to 799 cases, an explosive outbreak. From June 4, 2020 to the present, Avenal suffered the worst Covid outbreak with 2900 total infections and 8 deaths, out of 3400 inmates.  The Plaintiffs in the 602 all tested positive.

Plaintiff alleges that overcrowding is the primary cause of the Eighth Amendment constitutional violation along with Defendant's strategy to circumvent the CDC's recommendation to release inmates below 50% of capacity. Defendants have created a deliberate indifference to their safety and welfare.

Facts of deliberate indifference are as follows: 8 people per dorm without ability to social distance; merely shifting bodies from emptied single bunks in each upper tier and two bunks at

---

allegations based on the entire class.  As explained, *infra*, Plaintiff cannot proceed via class claims.  Any amended complaint should state factual allegations specific to Plaintiff and no other inmate.

3

the bottom tier; no emergency evacuation plans; no emergency tents; creating emergency crisis units in the gymnasium only after 90% infection rate; delayed providing masks; N95 masks only after 90% of inmate population had become infected; staff refused to wear N95 masks; no proper PPE; no testing; social distancing impossible due to overcrowding; hand sanitizers and soap dispensers only after infections occurred; required staff to work even though infected and not enough recovery time; suspended visitation which forced more phone interactions in the common areas; caused anxiety by limiting inmate movement; Governor suspended all transfers instead of releasing inmates; Avenal "shuffled" inmates from dorm to dorm; and no staff testing.

Defendants cannot guarantee that Plaintiff will not get sick from a different strain of Covid and the conditions at Avenal have created a perfect breeding ground for the virus and Plaintiff will get sick.

As remedies, Plaintiff seek injunctive relief enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of in this complaint and to immediately reduce Avenal to 50% or less of designed capacity in compliance with Center of Disease Control recommendations. Plaintiff seeks declaratory relief and compensatory and punitive damages. Plaintiff also sees appointment of counsel.

**III. Appointment of Counsel**

Plaintiff has asked to be appointed counsel  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1    complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

2          The Court has considered Plaintiff's request, but does not find the required exceptional

3    circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

4    made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

5    This Court is faced with similar cases filed by prisoners who are proceeding *pro se*.  These

6    litigants also must conduct legal research, answer discovery requests, and litigate their cases

7    without the assistance of counsel.

8          Furthermore, at this stage in the proceedings, the Court cannot make a determination that

9    Plaintiff is likely to succeed on the merits.  As discussed below, Plaintiff has failed to state a

10   cognizable claim  Finally, based on a review of the record in this case, the Court finds that

11   Plaintiff can adequately articulate his claims.

12         Based on the foregoing, Plaintiff's motion to appoint counsel is HEREBY DENIED,

13   without prejudice.

14         **IV.     Discussion**

15         Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

16   state a cognizable claim under 42 U.S.C. § 1983.  Because he is proceeding pro se, Plaintiff will

17   be granted leave to amend his complaint to the extent that he can do so in good faith.  To assist

18   Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

19         **A.  Plaintiff Cannot Represent Other Inmates**

20         It appears that Plaintiff is seeking to bring this action on behalf of other inmates.  A pro se

21   inmate cannot represent anyone other than himself in a conditions of confinement suit. "A litigant

22   appearing in propria persona has no authority to represent anyone other than himself." *Russell v.*

23   *United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also McShane v. United States*, 366 F.2d 286,

24   288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). "Although a

25   non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.

26   He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v.*

27   *U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). "[A]n inmate does not have standing

28   to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek

1   to vindicate a deprivation of his own constitutional rights." *Weaver v. Wilcox*, 650 F.2d 22, 27

2   (3rd Cir. 1981) (citations omitted). Thus, "[i]t is plain error to permit [an] imprisoned litigant who

3   is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*,

4   509 F.2d 1405, 1407 (4th Cir. 1975) (citation omitted).

5       For these reasons, the Court must construe this action as an individual civil rights suit

6   brought by Plaintiff alone.

7       **B.  Federal Rule of Civil Procedure 8**

8       Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

9   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

10  factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

11  supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation

12  omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

13  relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570,

14  127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.;*

15  *see also Twombly*, 550 U.S. at 556–557.

16      Although Plaintiff's complaint is relatively short, it is not a plain statement of his claims.

17  As a basic matter, the complaint does not clearly state what happened, when it happened or who

18  was involved. Plaintiff's allegations must be based on facts as to what happened and not

19  conclusions. Plaintiff lumps all defendants together in the alleged wrongful acts.  In particular,

20  Plaintiff attributes all issues to the named defendants, but does not state what each person did or

21  did not do which violated his constitutional rights.  If Plaintiff files an amended complaint, it

22  should be a short and plain statement of his claims, identifying what happened, when it happened

23  and who was involved. Fed. R. Civ. P. 8.

24      **C. Linkage Requirement**

25      The civil rights statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

27  *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

28  (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

1
2
3
4
5
6
7

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978) (citation omitted). Plaintiff lumps all defendants into all of the allegations. In order to

state a claim for relief under section 1983, plaintiff must link each named defendant, including

Doe Defendants, with some affirmative act or omission that demonstrates a violation of Plaintiff's

federal rights.

8

### D.       Supervisor Liability

9
10
11
12
13
14

Insofar as Plaintiff is attempting to sue Defendants Warden, Secretary, Governor, or any

other defendant, based solely upon his supervisory role, he may not do so. Liability may not be

imposed on supervisory personnel for the actions or omissions of their subordinates under the

theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d

1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009);

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

15
16
17
18
19
20
21
22
23
24
25

Supervisors may be held liable only if they "participated in or directed the violations, or

knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*,

567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an

official sets in motion a 'series of acts by others which the actor knows or reasonably should

know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570.

Supervisory liability may also exist without any personal participation if the official implemented

"a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the

moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446

(9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer

v. Brennan*, 511 U.S. 825 (1970).

26
27
28

To prove liability for an action or policy, the plaintiff "must...demonstrate that his

deprivation resulted from an official policy or custom established by a...policymaker possessed

with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d

1
2
3
4
5
6

707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

7
8
9
10
11
12
13
14

It is unclear the conduct Plaintiff alleges the Warden and other Defendants engaged in that violated his constitutional right.  Plaintiff has failed to allege direct participation in the alleged violations. Plaintiff talks about failings in masking, social distancing, overcrowding in dorms, prison movement, and other deficiencies. Plaintiff has failed to allege the causal link between such defendant and the claimed constitutional violation which must be specifically alleged.   He does not make a sufficient showing of any personal participation, direction, or knowledge on these defendants' part regarding any other prison officials' actions.  Plaintiff has not alleged that these defendants personally participated in the alleged deprivations.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

In addition, it is unclear what the policy is that is purportedly at issue.  Plaintiff has failed to "demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." Plaintiff claims that inmates were not released to reduce overcrowding, but as explained below, Plaintiff does not have a constitutional right to early release. Plaintiff has failed to allege facts demonstrating that each of the policies are themselves repudiations of Plaintiff's constitutional rights. Plaintiff has not sufficiently pled a cognizable claim of supervisory liability based on a constitutionally deficient policy. Because supervisory defendants may not generally be held liable under a respondeat superior theory, Plaintiff will be provided an opportunity to amend to allege facts showing the supervisor defendants participated in a constitutional violation through their own conduct or established an unconstitutional policy. *See Willard v. Cal. Dep't of Corr. & Rehab*., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional

1    deprivation.").

2           **E.       Habeas Corpus – Early Release**

3           The Court notes that is unclear what relief Plaintiff seeks in the instant proceeding and

4    whether Plaintiff seeks early release.

5           To the extent that Plaintiff is attempting to challenge the validity of his conviction and his

6    incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of

7    habeas corpus.  It has long been established that state prisoners cannot challenge the fact or

8    duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas

9    corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot

10   use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal

11   habeas corpus relief (or appropriate state relief) instead.").  The Supreme Court has never held

12   there is a constitutional right to early release from a term of imprisonment. *See Heck v.*

13   *Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (in order to state a claim for

14   damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm

15   caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff

16   asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been

17   reversed or declared invalid.); *see Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36

18   L.Ed.2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his

19   physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

20   release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

21   corpus.").

22        **F.  Deliberate Indifference to Conditions of Confinement**

23          Plaintiff presents his Eighth Amendment claims as conditions of confinement claims

24   rather than a deliberate indifference to serious medical needs.[2]  He challenges the spread of

25   ───────────────

26   [2] His allegations do not demonstrate that he is challenging any medical care provided.  Plaintiff
     fails to allege facts about his medical care which demonstrate deliberate indifference. Deliberate
     indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible

27   medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122
     (9th Cir. 2012). The requisite state of mind is one of subjective recklessness, which entails more

28   than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in

1 COVID due to the overcrowded conditions and movement of inmates.

2       Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.

3 *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045

4 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d

5 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with

6 "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*,

7 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*,

8 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v.*

9 *Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir.

10 1981).

11       Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511

12 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal

13 quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable

14 state of mind," which for conditions of confinement claims, "is one of deliberate indifference."

15 *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate

16 indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at

17 837. The circumstances, nature, and duration of the deprivations are critical in determining

18 whether the conditions complained of are grave enough to form the basis of a viable Eighth

19 Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the

20 part of a prison official is not sufficient to establish liability, but rather, the official's conduct must

21 have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

22       Extreme deprivations are required to make out a conditions of confinement claim, and

23 only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

24 grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834; *Hudson v.*

25 *McMillian*, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are

26 critical in determining whether the conditions complained of are grave enough to form the basis

27 of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. Second, the prison official must

28 part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014).

1    "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." *Farmer*, 511 U.S. at

2    837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane

3    conditions of confinement only if he knows that inmates face a substantial risk of harm and

4    disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

5         It is clear that COVID-19 poses a substantial risk of serious harm. See *Plata v. Newsom*,

6    445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a

7    substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth

8    Amendment claim against the warden, and the other defendants named, Plaintiff must provide

9    more than generalized allegations that the warden and other defendants have not done enough

10   regarding overcrowding or prison movement or housing assignment to control the spread. *See*

11   *Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020);

12   *see Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10,

13   2021) (failure to state a claim against warden for failure to adequately control the spread of

14   COVID-19 in the prison); *Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370

15   BAM(PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation

16   adopted, No. 1:21-CV-00370 NONE BAM(PC), 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021)

17   (Failed to state a claim on allegations that overcrowding/lack of distance between inmates has

18   exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no

19   way to socially distance, among other conditions.); *Sanford v. Eaton*, No. 1:20-CV-00792

20   BAM(PC), 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021), report and recommendation

21   adopted in part, rejected in part, No. 1:20-CV-00792 NONE BAM(PC), 2022 WL 168530 (E.D.

22   Cal. Jan. 19, 2022 (in order to state a cognizable Eighth Amendment claim against the warden,

23   associate wardens and any other defendants named, Plaintiff must provide more than generalized

24   allegations that the warden, associate wardens and other defendants have not done enough

25   regarding overcrowding to control the spread.)

26        As an initial matter, the Court notes that overcrowding, by itself, is not a constitutional

27   violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682

28   F.2d at 1248-49 (noting that overcrowding itself not Eighth Amendment violation but can lead to

specific effects that might violate Constitution), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); See *Balla v. Idaho State Bd. of Corr.,* 869 F.2d 461, 471 (9th Cir. 1989) (allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment.); *see also Rhodes v. Chapman*, 452 U.S. at 348-49 (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471; See, e.g., *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (as amended) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, and communicable disease among inmate population); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that Eighth Amendment violation may occur as result of overcrowded prison conditions causing increased violence, tension, and psychiatric problems).

Plaintiff alleges that the overcrowding has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other problems. The Court recognizes that "[p]risons present unique concerns regarding the spread of this virus; by their very nature, prisons are confined spaces unsuited for 'social distancing.'" *Evdokimow v. Doll*, No. 4:21-CV-00261, 2021 WL 767554, at *6 (M.D. Pa. Feb. 26, 2021). Nevertheless, CDC guidelines specifically contemplate that individuals will be confined within prisons during the duration of this pandemic. See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited March 4, 2022).

The transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges were overcrowded, among other ills, are sufficient to satisfy the objective prong, i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of

serious harm." The pertinent question in determining whether Plaintiff states a claim is whether

Defendants and unnamed defendants' actions demonstrated deliberate indifference to that risk of

harm. The key inquiry is not whether Defendants perfectly responded, complied with every CDC

guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether

they "responded reasonably to the risk." *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at

*4 (E.D. Wis. Jan. 5, 2021); accord *Benitez, v. Sierra Conservation Center*,  1:21-CV-00370

BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No.

1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same).

Plaintiff  details the many measures implemented in order to protect the inmates from the

risks of contracting COVID-19, including quarantine isolation designations, testing, and housing

movement. Plaintiff appears to challenge the housing assignments. Plaintiff finds fault with how

the Warden and other Defendants responded. The actions of Defendants may not have been

effective or a "perfect response," but Plaintiff does not adequately allege that they were

deliberately indifferent to the spread of the disease. The numerous efforts undertaken demonstrate

that Defendants were engaged in active conduct to manage the spread of the virus.  Even if the

response at Avenal has been inadequate, "it has not disregarded a known risk or failed to take any

steps to address the risk." *Wilson*, 961 F.3d at 843 (6th Cir. 2020); *Sanford v. Eaton*, No. 1:20-CV-

00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (failure to state a claim

where defendants were trying "alternatives" to manage the situation.); *Benitez, v. Sierra*

*Conservation Center*,  1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8,

2021) (same).

Moreover, Plaintiff fails to attribute any specific conduct to these defendants, other than

that they were supervisors.  Plaintiff's conclusory allegations that they "knew or should of

known" of failure to mask and lack of social distancing are insufficient.  As explained, *supra,*

supervisor liability is insufficient to state a cognizable claim against these defendants.  The Court

is not discounting Plaintiff's concerns about contracting COVID-19. His concerns are valid and

significant. However, the allegations in the complaint do not suggests that Defendants

disregarded the risk Plaintiff faced. Accordingly, he fails to state a claim against them.  He will be

1    granted leave to amend.

2        **G. Declaratory Relief**

3        To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A

4    declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

5    judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*,

6    333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful

7    purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

8    afford relief from the uncertainty and controversy faced by the parties." *United States v.*

9    *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a

10   verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights

11   were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is

12   unnecessary.

13       **H. Injunctive Relief**

14       Insofar as Plaintiff seeks injunctive relief against officials, any such request is now moot

15   because Plaintiff is no longer housed at that facility. *See Andrews v. Cervantes*, 493 F.3d 1047,

16   1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon

17   transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding

18   claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been

19   moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

20       Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of

21   the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief

22   [sought] is narrowly drawn, extends no further than necessary to correct the violation of the

23   Federal right, and is the least intrusive means necessary to correct the violation of the Federal

24   right." In cases brought by prisoners involving conditions of confinement, any injunction "must

25   be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

26   preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

27   3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that

28   goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about

1   issuing a preliminary injunction and should not grant such relief unless the facts and law clearly

2   favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th

3   Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

4   1984).

5            **I. Unknown Defendants**

6            The use of John Does in pleading practice is generally disfavored – but is not prohibited.

7   *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d

8   1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008).

9   However, Plaintiff is hereby advised that the court cannot order service of a Doe defendant

10  because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to

11  identify him or her with enough information to locate the defendant for service of process.

12  Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe)

13  defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629

14  F.2d at 642). Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to

15  amend his complaint only to identify the identified Doe defendant so that service by the United

16  States Marshal can be attempted. However, the court will recommend that any Doe defendant

17  plaintiff fails to identify during the course of discovery be dismissed from this action.

18          **III.    Conclusion and Order**

19          Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

20  state a cognizable claim under 42 U.S.C. § 1983.  As Plaintiff is proceeding pro se, the Court will

21  grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the

22  extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

23          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

24  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

25  U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

26  be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555

27  (citations omitted).

28          Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to appoint counsel is HEREBY DENIED, without prejudice.

2.      The Clerk's Office shall send Plaintiff a complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

4.      **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:    **March 4, 2022**                          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16