UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GAMBOA, *et al.*,<br><br>        Defendants. | No. 1:21-cv-01748-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>(Doc. 16) |

The assigned Magistrate Judge screened Plaintiff's first amended complaint and recommended dismissal of this action for failure to state a cognizable claim upon which relief may be granted. (Doc. 13.) The Court advised the Plaintiff that any objections to the recommendation had to be filed within 14 days. (*Id.* at 20–21.) On August 30, 2022, approximately two weeks after the deadline for the filing of objections had expired, the Court adopted the findings and recommendations in full and dismissed this action, with prejudice, for failure to state a cognizable claim upon which relief may be granted. The Court entered judgment and closed the action. (Docs. 14, 15.)

On August 29, 2022, the Court received Plaintiff's motion seeking leave to amend and an extension of three to six months to file a second amended complaint. (Doc. 16.) However, Plaintiff's motion was not entered on the Court's docket until August 30, 2022, after entry of the Court's order adopting the findings and recommendations and entry of judgment. The Court

1

1  therefore reviews Plaintiff's motion as though filed prior to entry of judgment.

2  In his motion, Plaintiff alleges that he received the Magistrate Judge's screening order "very late" due to mail delivery problems, and he is now complying with the mailbox rule for timeliness. (*Id.*) Plaintiff states that he has now been given an inmate tablet that has law access to LEXIS and needs three to six months, due to other litigation matters currently affecting Plaintiff's ability to timely litigate this matter, to file his amended complaint. Plaintiff asserts that he did not intentionally fail to follow the previous screening orders, and he should be allowed to cure the deficiencies of his first amended complaint. (*Id.*)

The deadline for Plaintiff to file objections to the Magistrate Judge's findings and recommendations, including time for mailing, was August 11, 2022. (*See* Doc. 13.) Plaintiff does not state when he received the findings and recommendations, but his motion to amend and the attached proof of service are dated August 23, 2022. (Doc. 16.) Even if he mailed them on that day and even considering the prison mailbox rule, the filing was untimely. (Doc. 16, pp. 2, 3.) Plaintiff has not provided good cause for the late filing.

Even if Plaintiff had timely requested leave to amend, further leave would not be warranted on this record. First, though Plaintiff contends that he now has access to additional legal resources to prepare a second amended complaint, at no prior time did Plaintiff allege that he had insufficient legal resources in preparing the initial or first amended complaints in this action. Though the issues in this action may be complex, Plaintiff was provided the relevant pleading and legal standards in the Magistrate Judge's prior screening order and failed to cure the identified deficiencies. Plaintiff has not identified with any particularity how additional law library resources would help him cure his complaint, because the deficiency is due to a lack of sufficient factual allegations. Likewise, the Court find that an extension of three to six months is reasonable under the circumstances.

///
///
///
///

Therefore, the Court finds that further leave to amend is not warranted, and Plaintiff has presented no grounds for reopening of this action. Accordingly, Plaintiff's motion for leave to amend and for extension of time to file a second amended complaint, (Doc. 16), is **DENIED**. This action remains closed.

IT IS SO ORDERED.

Dated:   **September 4, 2022**                                    /s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE